## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| **Blannie Wilkes and James Wilkes** | ) | |
| | ) | **Case No:** _____ |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **NCO Financial Systems, Inc.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

1.    This is an action brought by the Plaintiffs, Blannie Wilkes and James Wilkes, for

actual and statutory damages, attorneys' fees, and costs for NCO Financial Systems,

Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

(hereinafter "FDCPA"). The Plaintiffs also seek compensatory and punitive damages

for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2.    This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331 and

§1367.

3.    Venue is proper in the Florence Division because the Plaintiff resides in Florence

County and the Defendant transacted business in this division.

## PARTIES

4.    The Plaintiff, Blannie Wilkes, is a resident and citizen of the State of South Carolina,

Florence County, and is over the age of twenty-one (21) years.

5.    The Plaintiff, James Wilkes, is a resident and citizen of the State of South Carolina,

Florence County, and is over the age of twenty-one (21) years.

6.    The Defendant, NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation and can be served with process through its registered agent, CT Corporation System, 2 Office Park Ct., Suite 103, Columbia, SC 29223. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division.  The Defendant is engaged in the business of collecting consumer debts from consumers residing in Florence, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.    The Defendant called and continues to call the Plaintiffs multiple times per day in an attempt to collect an alleged debt. The Plaintiffs were worried to death by these calls and felt harassed by the calls.

8.    The Defendant also called Plaintiff Blannie Wilkes' work number multiple times per week.

9.    The Defendant left messages on the Plaintiffs non-exclusive answering machine at home, which were heard by third parties, and left messages with the receptionist at the Plaintiff Blannie Wilkes' place of employment in which the Defendant made known that it was calling to collect a debt. Said messages indicated that the call was from the Defendant and was an attempt to collect a debt and were heard by other individuals, which caused the Plaintiffs to be embarrassed, humiliated, anxious and angry.

10.    The Defendant left messages on the Plaintiffs' non-exclusive answering machine that

were both automated and left by a live person. In each message, the Defendant made known that it was calling to collect a debt and left an ID code on the answering machine for use upon returning the Defendant's call which, upon information and belief, would be used by the Defendant to access the Plaintiffs' debt and discuss said debt with whomever returned the Defendant's call.

11.  The consistent nature of the messages left by the Defendant indicate that the Defendant's employees are trained to not only repeatedly call consumers in an attempt to collect a debt, but to leave messages on answering machines which reveal to whomever may hear said messages that the Defendant is attempting to collect a debt from the recipient of said messages.

### COUNT ONE
### FAIR DEBT COLLECTIONS PRACTICES ACT

12.  The Plaintiffs adopt the averments and allegations of paragraphs 7 through 11 hereinbefore as if fully set forth herein.

13.  The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiffs' alleged consumer debt.

14.  The Defendant violated §1692c(a)(1) by repeatedly contacting the Plaintiffs at a time or place Defendant knew or should have known was inconvenient to the Plaintiffs.

15.  The Defendant violated §1692c(b) by communicating with a party other than the Plaintiffs and leaving messages on the Plaintiffs' non-exclusive answering machine indicating that the Defendant was calling to collect a debt. Said messages were heard by other individuals.

16. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs by repeatedly telephoning the Plaintiffs with the intent to annoy, abuse, or harass the Plaintiffs in an effort to coerce them into paying a debt in violation of §1692d(5).

17. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

18. As a proximate result of the Defendant's actions, the Plaintiffs were caused to suffer actual damages, worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, family discord, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

19. The Plaintiffs adopt the averments and allegations of paragraphs 7 through 18 hereinbefore as if fully set forth herein.

20. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

21. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA.

22. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

23. Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

24.    As a result of Defendant's negligence, the Plaintiffs suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

25.    The Plaintiffs adopt the averments and allegations of paragraphs 7 through 24 hereinbefore as if fully set forth herein.

26.    Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

27.    Defendant knew or should have known that said conduct was improper and in violation of the FDCPA.

28.    Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

29.    Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

30.    As a result of Defendant's recklessness and wantonness, the Plaintiffs suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant as follows:

A.    Statutory damages of $1,000 from the Defendant for its violations of the

FDCPA (15 U.S.C. §1692k);

B.    Actual damages for Defendant's violations of the FDCPA;

C.    Costs and reasonable attorneys' fees from the Defendant pursuant to 15 U.S.C.

§1692k;

D.    Compensatory and punitive damages against Defendant in an amount to be

determined by a struck jury on Plaintiffs' state law claims for damages due to

the Defendant's Negligent Training and Supervision and Reckless and Wanton

Training and Supervision; and

E.    For such other and further relief as the Court may deem just and proper.


/s/ Penny Hays Cauley
Penny Hays Cauley, Fed.  ID No.  10323
Attorney for Plaintiffs

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com


**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**


/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

NCO Financial Systems, Inc.

c/o CT Corporation System - registered agent
2 Office Park Ct., Suite 103
Columbia, SC 29223